[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the defendant's motion to strike, pursuant to Practice Book § 152, contesting the legal sufficiency of the second count of the plaintiff's revised complaint. The first count of the complaint alleges that the plaintiff brought his car to the defendant's car repair shop for a tune-up and oil change; that the defendant's employees discovered deficiencies in the emission control and fuel injection systems of the car; that the plaintiff authorized the defendant's employees to repair these deficiencies; and that the defendant's agents' course of repair was negligent resulting in damage to the car's engine. The second count incorporated these allegations by reference and characterized the conduct specified in the first count as constituting "unfair and deceptive business practice in violation of the Connecticut Unfair Trade Practices Act (CUTPA)," contained in General Statutes § 42-110a.
A motion to strike challenges the legal sufficiency of a pleading and admits facts well pleaded, but it does not admit legal conclusions, Verdon v. Transamerica Inc., Co., 187 Conn. 363, 365
(1982). The defendant contends that an allegation of a single, isolated act of negligence is insufficient to set forth a CUTPA CT Page 1509 violation. The court agrees.
In its brief in opposition to this motion to strike, the plaintiff acknowledges that there are no Connecticut appellate level decisions pertaining to this issue. The plaintiff cites, however, several superior court cases supporting the proposition that allegation of a single act of misconduct can validly assert a CUTPA claim. These cases are Chrysler Credit Corp. v. Berman, Superior Court, J.D. of Litchfield, D.N. 57971 (June 10, 1993); RLGAssoc. Ltd v. Gardner Peterson, 9 Conn. L. Rptr. 82 (June 7, 1993); Levesque v. Kris Enterprises, 4 Conn. L. Rptr. 107, 108 (May 20, 1991); Metpath, Inc. v. IDS Corp. , 3 Conn. L. Rptr, 450, 451 (March 21, 1991); Ransom v. Amerilink, Inc., 3 Conn. L. Rpt. 491 (April 18, 1991); Allison v. Widder, 1 Conn. L. Rptr. 461 (April 30, 1990); Judge v. Housemaster of America, 2 C.S.C. R. 421 (March 9, 1987); Student v. Cardascio, 2 C.S.C.R. 382 (March 3, 1987); C.L. P. Co. v. Paonessa, 2 C.S.C.R. 160 (December 19, 1986); andThompson v. Colasanto, 2 C.S.C.R. 229 (December 8, 1986).
The court has reviewed each of these cases and found that these superior court decisions do, indeed, hold that an allegation of a single act of misconduct may be adequate to set forth a valid cause of action for CUTPA liability; however, in each case, with the exception of the two cases discussed below, the pleadings specifically stated that the adverse party had engaged in fraudulent, deceptive, or discriminatory actions. In no case was a CUTPA violation found to be made out sufficiently where a single act of negligence was the basis for the purported violation. Two of the cases cited, C. L. P. v. Paonessa, supra, and Thompson v.Colasanto, supra, were silent as to the nature of the misconduct under consideration. In C. L. P. v. Paonessa, supra, the motion to strike was granted because the complaint lacked an allegation that the putative conduct was a deceptive or unfair trade practice or act. In Thompson v. Colasanto, supra, the court observed that not every isolated transaction gives rise to CUTPA liability.
While acts of negligence can be the basis of a legitimate CUTPA claim, those negligent acts must still satisfy the criteria set forth in the "cigarette rule," A-G Foods, Inc. v. PepperidgeFarms Inc., 216 Conn. 200, 215 (1990). In order to establish that an act or practice is a CUTPA violation the court must determine
 "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise CT Page 1510 — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness;
 (2) whether it is immoral, unethical, oppressive, or unscrupulous;
 (3) whether it causes substantial injury to consumers, competitors or other businessmen." Id.
In that decision, our Supreme Court held that the negligent failure of an employer to uncover employee fraud against a customer fell outside the ambit of the cigarette rule and the conduct proscribed by CUTPA. The employer's negligence, while injurious to the consumer, did not amount to an "immoral, unethical, oppressive, or unscrupulous" practice, Id., 217. The Supreme Court further held that satisfaction of the first prong of the cigarette rule alone is insufficient to support a CUTPA violation when the underlying claim is grounded solely in negligence, Id.
In the present case, the plaintiff charges a CUTPA violation based on an allegation of a single instance of careless repair of a car. Negligent acts, in general, are not inherently immoral, unethical, oppressive, or unscrupulous. Negligent conduct supporting CUTPA claims usually involve negligent misrepresentation, see, e.g., Prishwalko v. Bob Thomas Ford, Inc.,33 Conn. App. 575 (1994). A CUTPA claim must be pleaded with particularity to allow evaluation of the legal theory upon which it is based, S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 797 (1993). Here, the complaint merely asserts facts which, if true, would establish an isolated instance of defective car repair which cannot be legitimately characterized as immoral, unethical, oppressive, or unscrupulous conduct.
A somewhat similar case is Emlee Equipment Leasing Corp. v.Waterbury Transmission, Inc., 41 Conn. Sup. 575 (1991). There, the trial court granted a motion to strike a counterclaim alleging a CUTPA violation. The counterclaim was founded on a single instance of leasing equipment which proved defective. The trial court held that even though leasing substandard equipment constitutes a breach of contract, in the absence of aggravating circumstances, such as deception or bad faith, no CUTPA liability arises, Id, 580. The absence of any allegation of such aggravating circumstances in the present case likewise renders the second count of the complaint CT Page 1511 legally deficient.
For these reasons, the motion to strike the second count of the complaint is granted.
Sferrazza, J.